# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

**E&T SKYLINE CONSTRUCTION, LLC,**

                   **Plaintiff,**

-against-

**TALISMAN CASUALTY INSURANCE COMPANY, LLC,**

                   **Defendant.**

------------------------------------------------------------X

**19-CV-08069 (AT)(SN)**

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/28/2020

**SARAH NETBURN, United States Magistrate Judge:**

Plaintiff E&T Skyline Construction, LLC, served a Rule 30(b)(6) Deposition Notice on Defendant Talisman Casualty Insurance Company, LLC, directing a representative of Talisman to appear for an upcoming deposition at Plaintiff's counsel's office in Uniondale, New York. Defendant objects to the noticed deposition's location, arguing that Defendant's principal place of business, Las Vegas, Nevada, is the proper venue for the deposition. For the reasons below, Defendant's objection is overruled and the deposition should take place in Uniondale.

## DISCUSSION

"[C]ourts retain substantial discretion to designate the site of a deposition . . . ." Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 550 (S.D.N.Y. 1989). While the party noticing a deposition usually has the right to choose the location, "[w]here a corporation is involved as a party to the litigation, there is a general presumption in favor of conducting depositions of a corporation in its principal place of business." Buzzeo v. Bd. of Educ., Hempstead, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (citing Snow Becker Krauss P.C. v. Proyectos e Instalaciones de Desalacion, S.A., 1992 WL 395598, at * 3 (S.D.N.Y. Dec. 11, 1992)). This general

presumption "is not applicable in a suit in which plaintiff had little choice of forum," such as a suit in which the parties assented to a forum selection provision. See Ambac Assurance Corp. v. Adelanto Pub. Util. Auth., 09-cv-5087 (JFK), 2012 WL 1589597, at *6 (S.D.N.Y. May 7, 2012). Where the parties cannot agree on the location of a deposition under these circumstances, courts may determine a location after considering the cost, convenience, and litigation efficiency of the competing locations. Id.

### A. The Forum Selection Clause

Plaintiff states that Defendant wrote and issued the performance bond at issue in this case, which contains a forum selection provision "vesting jurisdiction exclusively in New York." See ECF No. 29 at 3. Defendant has therefore been on notice that a company representative may be haled to New York in connection with this proceeding. This factor weighs in favor of conducting the deposition in Uniondale.

### B. Cost

One party will likely incur costs wherever the deposition is held because Plaintiff's counsel is in Uniondale and Defendant's representative is in Las Vegas. Plaintiff's counsel would incur travel expenses to depose the representative in Las Vegas. Defendant, however, would also incur expenses to defend the deposition in Las Vegas, given that Defendant's counsel is in New York State. See ECF No. 29 at 3. This factor therefore weighs slightly favor of holding the deposition in Uniondale.

### C. Convenience

Analysis of the convenience factor involves consideration of (1) the convenience of counsel, (2) the defendant's residence, and (3) the extent to which travel to and from a deposition would disrupt the defendant's affairs. See Robert Smalls Inc. v. Hamilton, 09-cv-7171

(DAB)(JLC), 2010 WL 2541177, at *2 (S.D.N.Y. June 10, 2010); Mill-Run Tours, 124 F.R.D. at 551. Plaintiff argues its burden to have counsel travel to Las Vegas outweighs Defendant's representative's burden to travel to New York because Defendant routinely conducts business and issues surety bonds in New York. ECF No. 29 at 3. Defendant does not provide any reasons why its witness's travel would be especially burdensome. The Court therefore finds that the convenience factor weighs in Plaintiff's favor.

### D. Litigation Efficiency

Plaintiff further argues that "voluminous" documents would need to be transported from New York for the deposition to go forward in Las Vegas. Defendant does not dispute this point. The litigation efficiency factor therefore weighs in favor of holding the deposition in Uniondale.

## CONCLUSION

Weighing the factors properly considered when a forum selection clause rebuts the presumption of a deposition's location, I find that the balance weighs in favor of holding the deposition in Uniondale. Accordingly, the deposition should go forward at a suitable date and time in Uniondale. I also find that the application to hold the deposition in Uniondale was made in good faith and there is no basis for holding Plaintiff responsible for the cost of Defendant's witness's travel.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   January 28, 2020
         New York, New York