**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:**_____
**DATE FILED:** 8/6/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X-----------------------------------------------------------------X
E&T SKYLINE CONSTRUCTION LLC,

     *Plaintiff,*

  -against-

TALISMAN CASUALTY INSURANCE COMPANY,

     *Defendant.*
X-----------------------------------------------------------------X

     **CONFIDENTIALITY**
     **STIPULATION AND ORDER**

   Case No. 19-cv-8069-AT

   Plaintiff E&T SKYLINE CONSTRUCTION LLC and Defendant TALISMAN CASUALTY INSURANCE COMPANY, (each collectively referred to as the "Parties" and sometimes individually referred to as a "Party")., enter into this Confidentiality Stipulation, as follows:

   WHEREAS, during the course of discovery in this case the Parties, and non-parties to this action, will be producing documents and/or exchanging information which may require the disclosure of, *inter alia*, confidential and/or proprietary information and confidential and/or proprietary documents;

   WHEREAS, the Parties desire to facilitate discovery in this matter while preserving the confidentiality of such confidential and/or proprietary information;

   NOW, THEREFORE, it is hereby agreed by and between the Parties as follows:

**1.**  **DEFINITION AND DESIGNATION OF CONFIDENTIAL INFORMATION.**

   A. "Confidential Information" as used herein means any type or classification of information which is supplied by any Party or non-party in discovery that contains or refers to pricing information that is not available to or accessible by the general public, or information, documents, or things that a Party or non-party believes in good faith contains

or refers to its trade secrets, confidential business or financial information, or information that would give a competitor, subcontractor or vendor an unfair advantage if the information is publicly disseminated, whether it be a document, information contained in a document or information revealed during a deposition, or otherwise, which a Party or non-party may designate as "CONFIDENTIAL" pursuant to the terms of this Confidentiality Stipulation. Documents or information therein may be designated as confidential by stamping, imprinting or otherwise labeling the document in question "CONFIDENTIAL" on the face thereof, or by notification to opposing counsel followed by an imprinting of "CONFIDENTIAL" to follow. If material cannot be so labeled, the party producing documents containing "Confidential Information" (the "Producing Party") may designate the documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by sending written notice to the receiving party for each document (the "Receiving Party") that the Producing Party asserts is "CONFIDENTIAL". Any "CONFIDENTIAL" designation that is inadvertently omitted during production may be corrected by providing counsel for all Parties, and the attorneys for all relevant non-parties, with written notice as soon as such omission is determined. Any document whose cover page, text, or accompanying letter of transmittal states that it is confidential, privileged and/or proprietary business information shall be deemed confidential without any further labeling thereof. Copies or excerpts of information contained within, or summaries, notes or charts containing any information, document, or thing designated as "CONFIDENTIAL" shall be treated in accordance with this Confidentiality Stipulation. A Producing Party or Receiving Party may designate documents as Confidential Information even though the same, or

2

similar, documents have been disclosed during discovery by any Party or non-party without having any such designation pursuant to the terms of this Stipulation.

B.      Only information, documents, or things that a Party, or non-party, believes in good faith contain or refer to pricing information that is not available to or accessible by the general public, or information, documents, or things that a Party or non-party believes in good faith contains or refers to its trade secrets, confidential business or financial information or information that would give a competitor, subcontractor or vendor an unfair advantage if the information is publicly disseminated, may be designated "CONFIDENTIAL".

C.      "Confidential Information" shall not include any information, document, or thing which:

        (i)      at the time of the disclosure hereunder is available to the public; or

        (ii)     after disclosure hereunder becomes available to the public through no act, or failure to act, by the Receiving Party; or

        (iii)    the Receiving Party can show was independently developed by the Receiving Party.

D.      Portions of deposition transcripts that contain Confidential Information may be designated "CONFIDENTIAL" by any Party or any deponent either: (a) during the deposition, in which case the transcript of the designated testimony shall be bound in a separate, sealed volume and marked "CONFIDENTIAL" by the reporter, or (b) by written notice to all counsel of record within thirty (30) days after the deponent or its counsel receives the transcript.   Any testimony which describes a document that has been

3

designated as "CONFIDENTIAL" also shall be deemed to be designated as such. Pending the expiration of thirty (30) days after a deposition transcript is received by the deponent or its counsel, all Parties and persons shall treat the deposition transcript as if it had been designated as "CONFIDENTIAL", unless either a designation is made by counsel on the record or prior to the expiration of said thirty (30) day period, which said designation shall be controlling. Regardless of the designation of the testimony, the deponent and the deponent's counsel may review the transcript of that deponent's own deposition. In addition, the deponent, during the thirty (30) day period, may show the deposition transcript to other persons who are bound by this Confidentiality Stipulation and who already have access to the material. With regard to designations made during the deposition concerning Confidential Information, the designating party (the "Designating Party") shall have the right to have all persons, except the deponent and its counsel, outside counsel of record for named parties, counsel for any non-party who is being deposed, the court reporter, and such other persons bound by this Confidentiality Stipulation who have access to the material or information that is or may be designated as "CONFIDENTIAL", excluded from a deposition, or any portion thereof, before the taking of testimony designated "CONFIDENTIAL" under this Confidentiality Stipulation.

2.   **RESTRICTIONS ON USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION.**

A.   No "Confidential Information" shall be disclosed to any person or entity except as set forth in this Confidentiality Stipulation. No person shall use any material or information

4

designated "CONFIDENTIAL" except for purposes of preparation, trial, and any appeals of this action, except as provided herein.

B.     "Confidential Information" that has been designated as "CONFIDENTIAL" may be disclosed only to the following persons and entities:

     (i)     Persons who are members of, associated with, or employed by the Parties' respective undersigned counsels' law firms, including but not limited to attorneys' who are working on this action on behalf of any Party, and their paralegals, clerical employees and other office staff.

     (ii)    The Parties to this action and their employees and agents, provided that such disclosure is needed to assist in the prosecution or defense of this action.

     (iii)   Independent experts and consultants, including their professional and clerical support staff, who are expressly retained or sought to be retained by any attorney to assist in the preparation or trial of this action, with disclosure only to the extent necessary to perform such work.  An independent expert or consultant for a Party to whom any of the "Confidential Information" will be disclosed, prior to such disclosure, shall agree in writing to be bound by the terms of this Confidentiality Stipulation by executing the form attached hereto as Exhibit "A". The Party who retained the independent expert or consultant, must retain the executed declaration in the form attached hereto as Exhibit "A", and must provide a copy of said executed declaration to all other Parties at the time the identity of the expert or consultant is disclosed, unless the identity of the independent expert or consultant is not discoverable pursuant to Fed. R. Civ. P. 26(b)(4)(D), in which case

5

the Party who retained the expert or consultant shall retain the executed declaration in the form attached hereto as Exhibit "A" and provide a copy of same to all other Parties at the time the identity of the expert or consultant becomes discoverable.

(iv)     Counsel for the respective Parties may utilize portions of "Confidential Information" designated as "CONFIDENTIAL" during the course of depositions in this matter by having the witness, provided that the witness is identified as an originator, signatory, author, addressee, or recipient of the original or a copy or upon the Producing Party's written consent, and attests that he or she will be bound by the terms set forth in this Confidentiality Stipulation and providing at that time an executed declaration in the form attached hereto as Exhibit "A". Portions of the transcripts of all such depositions which contain or refer to any "Confidential Information" shall be treated in accordance with the terms of this Confidentiality Stipulation. Counsel shall retain copies of any transcript of any deposition which contains or refers to any "Confidential Information" in such a manner as to preserve its confidential nature.

(v)     Court reporters, stenographers, and/or videographers transcribing or otherwise recording the testimony or argument at a hearing, trial, or deposition in this case or any appeal.

(vi)     The Court or its staff in connection with the Court's administration and adjudication of this action.

6

(vii)   Photocopy, document imaging, and database service providers and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases.

(viii)   Graphics, translation, design, and/or trial consulting service providers, including mock jurors who have signed a declaration in the form attached hereto as Exhibit "A", retained by a Party, provided that such persons are screened to ensure that no such person is a regular employee or agent of the Receiving Party or a regular employee or agent of a direct competitor of the applicable Producing Party or Designating Party.

Subject to any further order of the Court, "Confidential Information" designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of those persons identified in Section 2.B above.

C.   Nothing contained in this Confidentiality Stipulation shall affect the right of the Producing Party to disclose or use for any purpose its "Confidential Information."

3.   **FILING DESIGNATED MATERIALS.**

A.   In the event that a Party wishes to use any "Confidential Information" information designated as "CONFIDENTIAL" in any paper filed with the Court in this litigation, which comprise, excerpt, reproduce, paraphrase, or contain designated "Confidential Information", the Parties, and any non-party who has designated a document as "CONFIDENTIAL" Pursuant to this Confidentiality Stipulation, shall act in accordance

7

with Part III (F) of the Individual Practices of Hon. Sarah Netburn, USMJ, as revised on January 31, 2020.

B.     Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

C.     In the event that any Party herein seeks to use any Confidential Information that was produced by a non-party as part of a Court filing, the filing Party shall notify said non-party on the same day that a provisional filing of documents containing the non-party's Confidential Information under seal is made.  Notice to said non-party shall include copies of all unredacted and unsealed documents that contain the non-party's Confidential Information, all applicable docket numbers in the motion sequence containing Confidential Information, the Bates numbers of the applicable documents that contain Confidential Information and the purpose of the use of said documents. Additionally, in the event any Party who has used, or intends to use, the Confidential Information of a non-party Producing Party, and said Party intends to move for a sealing order, said Party shall contact the applicable non-party Producing Party prior to making a motion for a sealing order in order to ascertain whether said non-party will jointly move for a sealing order.

**4.     CANCELLATION OF DESIGNATION**

A.     The Receiving Party and any interested party may request the applicable Producing Party or Designating Party to re-designate "Confidential Information" or remove the "CONFIDENTIAL" designation by written notice to counsel for the Producing Party or

Designating Party, which shall particularly identify the subject matter or document designated "CONFIDENTIAL" or as containing "Confidential Information" that the Receiving Party seeks to have re-designated. The Parties shall work together in good faith to resolve all re-designation requests on an informal basis. If the dispute cannot be resolved informally, a motion for further disclosure or re-designation may be filed with the Court. Pending the Court's determination of any motion contesting a confidential designation, the material shall be deemed "CONFIDENTIAL" as indicated by the applicable Producing Party or Designating Party. Thereafter, such material shall be treated in accordance with the Court's order.

5.    **DISPOSITION OF DESIGNATED MATERIALS AT TERMINATION OF CASE**

A.    Termination of proceedings shall not relieve any person from the obligations of this Confidentiality Stipulation, unless the Court orders otherwise.

B.    With respect to any "Confidential Information" that has been filed with the Court, including all copies or summaries of or excerpts thereof, it is the responsibility of the party desiring return of such documents to ensure that the clerk returns all such information.

C.    Within forty-five (45) days after the final adjudication of this litigation including appeals, or resolution through settlement, unless otherwise agreed to in writing by an attorney of record for the applicable Producing Party or Designating Party, each Party shall either: (a) assemble and return all confidential material, including all copies thereof, to the Party or non-party from whom the "Confidential Information" was obtained; or (b) certify in writing that all such material has been destroyed, except that outside counsel of record only for the Parties may retain, in their sole discretion, all court papers, all documents and

9

writings exchanged during the course of litigation, including but not limited to, discovery documents, expert reports and discovery responses, court and deposition transcripts, exhibits, and attorney work product, provided that such documents will be held for their internal use only, subject to the continuing obligations imposed by this Confidentiality Stipulation. A Party need not destroy or discard documents that it designated hereunder.

6.   **GENERAL PROVISIONS**

A.     The Parties' respective counsel, and any other person bound by the terms of this Confidentiality Stipulation, shall utilize the "Confidential Information" solely in accordance with the provisions of this Confidentiality Stipulation and, other than as provided herein, will not disclose the "Confidential Information", including any excerpts therefrom, or make it available to any person or entity.

B.     All "Confidential Information" produced hereunder shall be retained in the possession and control of counsel receiving such "Confidential Information" in such a manner as to preserve its confidential nature.

C.     All notices under this Confidentiality Stipulation are to be served via email, to the appropriate attorney(s)/Parties, including any attorneys for non-parties that produce documents.  Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the applicable Producing Party, Designating Party or the Parties themselves.

D.     The Parties agree that this Confidentiality Stipulation shall be binding as an agreement between the Parties upon execution by the Parties before entry by the Court, and that each Party shall consider itself bound to this Confidentiality Stipulation while awaiting

10

the signature of its counterparties. The Parties further agree that if for any reason this Confidentiality Stipulation is not accepted by the Court, they will promptly execute and submit a revised Confidentiality Stipulation that addresses the Court's concerns.

E.      If a Party, or non-party, through inadvertence produces or provides discovery which it believes is subject to a claim of privilege and/or the work product doctrine, the Producing Party may give written notice to the Receiving Party or parties that the document or thing is subject to a claim of privilege and/or the work product doctrine and request that the document or thing be returned to the Producing Party. The Receiving Party or Parties shall return to the Producing Party such document or thing, including any and all copies thereof whether electronic and/or hard copy. Return of the document or thing by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of privilege and/or work product, nor shall it foreclose any Party from moving the Court for an order that such document or thing has been improperly designated or should be produced for reasons other than a waiver caused by the inadvertent production.

F.      Nothing in this Confidentiality Stipulation or the negotiation or entry thereof shall prejudice or constitute a waiver of any Party's claims or defenses, or prejudice any Party's position on their claims and defenses in any way. For purposes of enforcement of this Confidentiality Stipulation only, the Parties agree that this Confidentiality Stipulation shall survive the final disposition of this Civil Action, and the Court shall retain continuing jurisdiction to resolve any dispute arising under this Confidentiality Stipulation.

11

WHEREFORE, the Parties move jointly for an Order approving the parties' Confidentiality Stipulation, adopting it as an Order of the Court, and directing that it be carried out in accordance with its terms. A proposed Order is attached hereto as **Exhibit "B"**.


FORCHELLI DEEGAN TERRANA LLP

By: /S/ Raymond A. Castronovo
Raymond A. Castronovo, Esq.
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553
Phone: (516) 248-1700
rcastronovo@ForchelliLaw.com
*Attorneys for Plaintiff E&T SKYLINE*
*CONSTRUCTION, LLC*


WESTERMANN SHEEHY KEENAN
SAMAAN & AYDELOTT, LLP

By: Michael F. Kuzow, Esq.
90 Merrick Avenue, Suite 802
East Meadow, New York 11554
Phone: (516) 794-7500
*michaelkuzow@westerlaw.com*
*Attorneys for Defendant TALISMAN*
*CASUALTY INSURANCE COMPANY LLC*

12

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X------------------------------------------------------------X
E&T SKYLINE CONSTRUCTION LLC,

         *Plaintiff,*

    -against-                        Case No. 19-cv-8069-AT

TALISMAN CASUALTY INSURANCE
COMPANY,

         *Defendant.*
.
X------------------------------------------------------------X

**DECLARATION OF_____ UNDER CONFIDENTIALITY ORDER**

      I, _____,pursuant to 28 U.S.C. § 1746, declare under

the penalty of perjury, as follows:

      1.     I am presently employed by _____, and my

current business address is _____.

      2.     [For experts and consultants only] Except as retained by _____ in

connection with the above-referenced action, I am currently not employed by any party to this

lawsuit or engaged as an independent contractor or consultant by any party to this lawsuit, either

directly or indirectly.

      3.     I have read the Confidentiality Stipulation and Order Approving the Confidentiality

Stipulation dated _____ (collectively "the Confidentiality Order"), and agree to

comply with and be bound by each of the applicable terms.

4.      I hereby acknowledge and agree that any information or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that I receive or review in this lawsuit is provided to me pursuant to the terms and restrictions of the Confidentiality Order.

5.      I understand that I am to handle all of the materials that I receive which have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a manner consistent with the Confidentiality Order. No later than thirty (30) days after final termination of this litigation, including any and all appeals, or resolution through settlement, I agree to return to the counsel of record who provided me with such materials all information and documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" including all copies, extracts, and summaries thereof (and including those I prepared), or I will certify in writing that all such materials have been destroyed.  Such return or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Confidentiality Order.

6.      I hereby submit myself to the jurisdiction of the United States District Court for the Southern District of New York for the limited purpose of assuring my compliance with the Confidentiality Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____          By: _____
                                            (signature of declarant)


                                            _____
                                            (printed name of declarant)

2

```
┌─────────────────────────────────────────┐
│ USDC SDNY                                 │
│ DOCUMENT                                  │
│ ELECTRONICALLY FILED                      │
│ DOC #:_____         │
│ DATE FILED: _8/6/2020_____              │
└─────────────────────────────────────────┘
```

**EXHIBIT "B"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X------------------------------------------------------------X
E&T SKYLINE CONSTRUCTION LLC,

                 *Plaintiff,*

    -against-

TALISMAN CASUALTY INSURANCE COMPANY,

              *Defendant.*

X------------------------------------------------------------X

**ORDER
APPROVING
CONFIDENTIALITY
STIPULATION**

Case No. 19-cv-8069-AT

SARAH NETBURN, United States Magistrate Judge:

    The Court has received the parties' Joint Confidentiality Stipulation and Motion. The parties have entered into the Confidentiality Stipulation in order to protect certain confidential commercial or financial information and proprietary or confidential business and/or personal information that may be exchanged during the course of this litigation and to avoid unauthorized disclosure of this information, and have requested that the Court approve the Confidentiality Stipulation and adopt it as an Order of the Court. The parties request that the Confidentiality Stipulation be made an Order of the Court is HEREBY GRANTED and the parties, and any non-parties who agree to be bound by the terms of the Confidentiality Stipulation, are directed to comply with the Confidentiality Stipulation in accordance with its terms.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated:  August 6, 2020
       New York, New York