UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

E & T SKYLINE CONSTRUCTION, LLC,

                Plaintiff,

-against-

TALISMAN CASUALTY INSURANCE
COMPANY, LLC,

                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/30/2020_
```

19 Civ. 8069 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, E&T Skyline Construction, LLC, brings suit on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, to enforce Defendant, Talisman Casualty Insurance Company, LLC's, obligations under a bond issued to cover the performance of NY Renaissance Corp. ("NY Renaissance"), a subcontractor retained by Plaintiff, in connection with a construction project. Compl., ECF No. 6. Defendant moves to dismiss the complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction. ECF No. 40. Defendant separately moves to dismiss the complaint under Rule 12(b)(7), on the basis that Plaintiff failed to join necessary and indispensable parties as required by Rule 19 of the Federal Rules of Civil Procedure. ECF No. 18. On July 1, 2020, the Court referred both motions to the Honorable Sarah Netburn for a report and recommendation. ECF No. 69.

    On September 30, 2020, Judge Netburn issued a Report and Recommendation (the "R&R"), which recommends denying Defendant's motion under Rule 12(b)(1), without prejudice, and denying Defendant's motion to dismiss under Rule 12(b)(7). R&R at 1, ECF No. 71. Before the Court are Defendant's objections to the R&R. Def. Obj., ECF No. 78. For the reasons stated below, Defendant's objections are OVERRULED, and the Court ADOPTS the R&R in its entirety.

## BACKGROUND[1]

The following facts are drawn from the complaint and other documents submitted by the parties. *See EMR (USA Holdings), Inc. v. Goldberg*, No. 18 Civ. 07849, 2019 WL 5537878, at *3–4 (S.D.N.Y. Oct. 25, 2019). Plaintiff, a general contractor, and 31st Street ZEF, LLC ("ZEF"), the owner of the premises at 30 East 31st Street in Manhattan, entered into a prime contract in connection with a condominium construction project (the "Project"), funded by Centennial Commercial Finance Group ("Centennial"). Compl. ¶ 6; R&R at 2. On November 17, 2016, Plaintiff and NY Renaissance entered into a subcontract, whereby NY Renaissance agreed to furnish the labor, materials, and equipment necessary to supply and install windows. Compl. ¶ 6. Pursuant to the subcontract, on February 7, 2017, NY Renaissance (as principal) and Defendant (as surety) executed and delivered to Plaintiff a $1,850,000.00 performance bond (the "Bond"). *Id.* ¶ 7. Under the terms of the Bond, Defendant guaranteed to complete NY Renaissance's work under the subcontract if NY Renaissance defaulted or materially breached the subcontract. *Id.* Defendant and NY Renaissance are co-obligors on the Bond. Delacroix Decl. ¶ 9, ECF No. 18-1. Plaintiff and ZEF are co-obligees on the Bond, and Centennial is an additional obligee. *Id.*; Performance Bond at 9–10, ECF No. 18-4.

Over the course of the project, NY Renaissance breached the subcontract by failing to meet deadlines, failing to provide documentation regarding progress, failing to supply enough properly skilled workers, failing to make payments to material suppliers and contractors, and refusing to deliver materials to the job site. Compl. ¶ 10. Plaintiff provided NY Renaissance with a default notice and an opportunity to cure. *Id.* ¶ 11. Plaintiff also notified Defendant of its intention to declare NY Renaissance in default under the subcontract. *Id.* On July 19, 2019, Plaintiff terminated the contract, and notified Defendant that NY Renaissance had defaulted under the subcontract and

---

[1] The Court presumes familiarity with the facts and procedural history, which are set forth in the R&R, and, therefore, only briefly summarizes them here. *See* R&R at 2–11.

2

that, as a result, Plaintiff had terminated the subcontract for cause. *Id*. ¶¶ 14–15. Plaintiff then demanded that Defendant correct and complete NY Renaissance's work, pursuant to the Bond. *Id*. ¶¶ 16–17. Defendant refused. *Id.* ¶ 18. Consequently, Plaintiff has incurred expenses in order to complete and correct NY Renaissance's work on the Project. *Id*. ¶ 21.

## DISCUSSION

### I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014). Objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (internal quotation marks and citation omitted); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review."). In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

II.     Rule 12(b)(1)

Defendant argues that the complaint must be dismissed because the Court lacks subject-matter jurisdiction. 12(b)(1) Mem. at 1, ECF No. 41. Defendant contends that it is a stateless LLC because it has no members, and Jeffrey Schaff, a citizen of Louisiana, is not a member of the LLC. *Id*. at 3–5. As a stateless entity, Defendant argues diversity jurisdiction is impossible. *Id*. In the alternative, Defendant contends that the Court should consider its insured participants as members of the LLC. *Id*. at 6–8. This would also destroy diversity, Defendant argues, because many of its participants have New York citizenship. *Id*.

The R&R recommends that the Court deny Defendant's motion without prejudice and permit jurisdictional discovery on the question of Defendant's corporate structure and membership at the time the complaint was filed. R&R at 10. In response to Defendant's alternative argument, the R&R recommends finding that Defendant's insured participants are not members of Defendant. *Id.* at 11.

The Court holds that Defendant's purported objections to the sections of the R&R concerning its stateless status are either general, rather than specific, or merely restate claims set forth in its motion to dismiss. Indeed, Defendant fails to make any specific objections. *See, e.g.*, Def. Obj. at 2 ("E&T Skyline merely alleges that it is a domestic limited liability company organized under the laws of the State of New York and that Talisman is a foreign limited liability company organized under the laws of the State of Nevada."); *id*. at 4 ("Estoppel, however, cannot be used to create subject matter jurisdiction."); *id* at 7 ("Even if . . . Talisman's current structure is contrary to Nevada law, that act or omission by Talisman cannot confer subject-matter jurisdiction."); *id* at 8 ("Talisman did assert inconsistent positions in the foregoing cases, but that is attributable to attorney error.").

As such, the Court reviews this portion of the R&R for clear error. *See Brown v. Peters*, No. 95 Civ. 1641, 1997 WL 599355, at *2–3 (S.D.N.Y. Sept. 22, 1997) (reviewing report and recommendation for clear error where the plaintiff's objections "simply re-state[d] the relief sought

and the facts on which [plaintiff] ground[ed] his complaint"); *Schoolfield v. Dep't of Corr.*, No. 91 Civ. 1691, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) (holding that objections to a report and recommendation were not specific because they were "conclusory" and only stated that the report and recommendation was "wrong and unjust"); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("It is improper for an objecting party to attempt to relitigate" arguments made "before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments . . . taken in the original papers." (internal quotation marks and citation omitted)).  The Court finds no clear error in Judge Netburn's conclusion that jurisdictional discovery is warranted.

Defendant directs the Court to Talisman's recently discovered operating agreement and the amended agreement.  Def. Obj. at 6–7; *see* ECF No. 79.  The amended agreement purports to show that Jeffrey Schaff is Defendant's manager rather than its member, and that Defendant's participants are its members.  ECF No. 79-2 at 8.  Defendant produced these documents for the first time when it filed its objections to the R&R.  Def. Obj. at 6–7.  This "new argument," premised on documents not presented to Judge Netburn, "may not be deemed an objection at all."  *Razzoli*, 2014 WL 2440771, at *5.

Accordingly, Defendant's objections are OVERRULED.  The parties shall conduct jurisdictional discovery on the question of Defendant's corporate structure and membership at the time the complaint was filed.  Thus, the Court need not consider Defendant's alternative argument that its insured participants are its members at this time.  Defendant's Rule 12(b)(1) motion to dismiss is DENIED without prejudice.

  III.  Rule 12(b)(7)

Defendant moves to dismiss the complaint on the ground that Plaintiff failed to join NY Renaissance as a necessary and indispensable party, and Centennial and ZEF as necessary parties, as

required by Rule 19 of the Federal Rules of Civil Procedure. 12(b)(7) Mem. at 5–11, ECF No. 18-8. The R&R recommends denying Defendant's motion because NY Renaissance is not a necessary party, and even though ZEF and Centennial are necessary parties, joinder is feasible. R&R at 20.

The Court finds Defendant's Rule 12(b)(7) objections unpersuasive. Defendant objects to the R&R's purported finding that "Talisman fails to convincingly demonstrate that NY Renaissance is necessary to the suit." R&R at 15. The Court rejects as meritless Defendant's argument that the R&R's use of "convincingly" sets forth a higher standard than required by Rule 19. Def. Obj. at 13. To the contrary, the R&R explains, at length, the correct standard for a necessary party under Rule 19. R&R at 13–14.

Similarly, Defendant objects to the portion of the R&R that notes that "Talisman provides no evidence that . . . NY Renaissance has sought to intervene or otherwise claimed a legally-protected interest in the action." R&R at 15–16. Defendant argues that the R&R "improperly superimposes a requirement" not set forth in Rule 19, by requiring that "the non-party whose interests may be impaired or impeded first seek to intervene under Rule 24." Def. Obj. at 14. As an initial matter, this objection misstates the R&R. *See* R&R at 15 ("Talisman provides no evidence that NY Renaissance has sought to intervene *or* otherwise claims a legally-protected interest in the action." (emphasis added)). And Defendant's reliance here on the declaration submitted by Monique Delacroix, a principal of NY Renaissance, stating that NY Renaissance is currently asserting claims against Plaintiff in state court, is unavailing. Def. Obj. at 14–15. Defendant raised the potential effect of this action on NY Renaissance's interests in its motion to dismiss. 12(b)(7) Mem. at 7–11. Judge Netburn acknowledged that "NY Renaissance has a practical interest in the litigation as the principal," but determined that that interest was not sufficient to make NY Renaissance necessary to the litigation. R&R at 16–18. The Court finds no clear error in that holding.

Moreover, Defendant seemingly objects to the R&R's finding that Centennial is a necessary

6

party (even though it previously urged the Court to make that finding), based on information it learned after Defendant filed its motion.  Def. Obj. at 22–23.  The Court will not consider this new argument as an objection.  *Razzoli*, 2014 WL 2440771, at *5.  And the Court rejects Defendant's "miscellaneous objections" that Judge Netburn made improper findings of fact.  Def. Obj. at 21–23.  The cited portions of the R&R consists of a recitation of the facts as alleged by Plaintiff in the complaint.  *See* R&R at 3.

Defendant's remaining objections are merely restatements of previously made arguments. *See, e.g.*, Def. Obj. at 14 ("Since Talisman's liability is derivative of NY Renaissance's the Court cannot adjudicate Talisman's liability to E&T Skyline . . . without determining NY Renaissance's liability to E&T Skyline or E&T Skyline's liability to NY Renaissance"); *id*. at 16 ("The Report barely addressed NY Renaissance's affirmative claims against E&T Skyline."); *id*. at 20 ("E&T Skyline[] has an accessible forum . . . in New York Supreme Court.").  The Court reviews the remaining aspects of the R&R for clear error and finds none.  *Wallace*, 2014 WL 2854631, at *1.

Accordingly, Defendant's objections are OVERRULED.  Defendant's Rule 12(b)(7) motion to dismiss is DENIED.

## CONCLUSION

For the reasons stated above, Defendant's objections are OVERRULED, and the R&R is ADOPTED in full.  Defendant's motion to dismiss under Rule 12(b)(1) is DENIED, without prejudice.  Defendant's motion to dismiss under 12(b)(7) is DENIED.  The Clerk of Court is directed to terminate the motions at ECF Nos. 18 and 40.

SO ORDERED.

Dated: September 30, 2020
      New York, New York

ANALISA TORRES
United States District Judge