```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| E & T SKYLINE CONSTRUCTION, LLC,<br><br>     Plaintiff,<br><br>     -v-<br><br>TALISMAN CASUALTY INSURANCE COMPANY, LLC,<br><br>     Defendant. | 19-cv-8069 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

After a four-day bench trial arising from a construction dispute about the installation of custom windows at a luxury condominium building in Manhattan, the Court issued findings of fact and conclusions of law holding that defendant Talisman Casualty Insurance Company ("Talisman") is not liable to plaintiff E & T Skyline Construction, LLC ("E&T") for surety payment under a performance bond agreement.[1] As the Court explained, Talisman's obligations under the bond agreement arose only if E&T was not itself in default of a separate agreement between E&T and NY Renaissance Corp. ("NYR"), the subcontractor responsible for delivering and installing the custom windows in question. ECF No. 139 ("Post-Trial Op."), at 1, 2-3, 15-16. The Court held that E&T was indeed in default because it failed

---

[1] This Order assumes familiarity with the factual and procedural background of this case, as detailed, inter alia, in the Court's post-trial Findings of Fact and Conclusions of Law, ECF No. 139, and the earlier order denying both parties' cross-motions for summary judgment, ECF No. 116.

1

to provide "the upper floors of the site available for installation (free of current debris and protrusions into the window openings)," which was a material term of the agreement between E&T and NYR (the "Subcontract"). Id. at 16-17.

On December 4, 2023, E&T moved to alter or amend the Court's judgment under Federal Rule of Civil Procedure 59(e). ECF No. 141. Talisman filed opposition papers on December 21, 2023, ECF No. 142, and E&T filed a reply on January 5, 2024, ECF No. 143. After full consideration of the parties' submissions and the trial record, the Court hereby denies the motion.

Federal Rule of Civil Procedure 59(e) "allows a litigant to file a 'motion to alter or amend a judgment.'" Banister v. Davis, 140 S. Ct. 1698, 1703 (2020) (quoting Fed. R. Civ. P. 59(e)). Under Rule 59(e), "courts may consider new arguments based on an intervening change in controlling law and newly discovered or previously unavailable evidence." Id. at 1703 n.2.[2] But "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." Id. at 1703.

E&T makes two arguments in support of reversing the Court's judgment that Talisman is not liable. First, E&T argues that the Court erred as a matter of law in concluding that the terms of a March 8, 2019 revised schedule, proposed by NYR and approved by E&T, were

---

[2] Here and elsewhere, internal alterations, citations, and quotation marks are omitted unless otherwise indicated.

2

incorporated into the Subcontract. Second, E&T argues that the Court's factual assessment conflated impediments to installation of the windows with impediments to delivery of the windows. E&T contends that even if the site conditions made installation of the windows impracticable, nothing prevented NYR from delivering the windows to the project site, which did not occur before E&T terminated NYR. According to E&T, that means E&T was not in default and Talisman was liable under the bond agreement. Neither argument prevails.

E&T's first argument -- that the terms of the March 8, 2019 revised schedule were not part of the Subcontract -- is one that it "could have raised" in its post-trial proposed findings of fact and conclusions of law, Banister, 140 S. Ct. at 1703, but did not. Indeed, the Court addressed the existence of that potential argument in its Findings of Fact and Conclusions of Law. The Court wrote,

> There is also no dispute that the terms of the March 8, 2019 revised schedule form part of the subcontract. The revised schedule states in no uncertain terms that it is "subject to . . . the Owner providing the upper floors of the site available for installation (free of current debris and protrusions into the window openings)." Revised Schedule at 1. Rather than argue that any failure to comply with that condition would not be an "Owner Default" under the Bond Agreement or that the condition was not a material term of the subcontract, E&T instead contends, as a factual matter, that it "indeed provided suitable areas at the Project site to store NYR's materials and equipment and did not

3

hinder or obstruct NYR's ability to deliver the custom windows to the Project." ECF No. 136, at 31. Post-Trial Op. at 16-17.

To reiterate the point, E&T's post-trial proposed findings of fact and conclusions of law contained no argument whatsoever that a failure to comply with its obligations under the March 8, 2019 revised schedule would not mean a default under the subcontract or would otherwise not be a violation of a material term of the subcontract. To the contrary, E&T's proposed findings of fact and conclusions of law argued that "Plaintiff complied with and performed its . . . obligations under the Subcontract" for the specific reason that "Plaintiff indeed provided suitable areas at the Project site to store NYR's materials and did not hinder or obstruct NYR's ability to deliver the custom windows to the Project." ECF No. 136, at 31. In other words, E&T's submission itself suggested that, if E&T had in fact "hinder[ed] or obstruct[ed] NYR's ability to deliver the custom windows," E&T failed to comply with its "obligations under the Subcontract." Id. The entirety of the section captioned "There Was No Default by Plaintiff" in E&T's post-trial submission contains factual arguments that E&T complied with all its obligations -- not any legal arguments, such as the one that E&T now makes, that certain terms were irrelevant for determining whether E&T defaulted under the bond agreement. See id. at 30-32; cf. United States v. Sineneng-Smith, 140 S. Ct. 1575, 1579 ("In our adversarial system of adjudication, we follow the principle of party presentation."). Because E&T's newly raised argument is an

4

improper basis for a Rule 59(e) motion, the Court declines to consider it.

E&T's second argument, regarding the distinction between delivery of windows and installation of windows, is immaterial. The Court has already made a factual finding, based on the entire trial record, including the demeanor and relative credibility of the witnesses, "that obstructions prevented NYR from even delivering the custom windows to the site." Post-Trial Op. at 14; see id. at 15 (crediting testimony that "it was absolutely impossible to deliver any windows to that project site due to other materials and other debris and other things that were all over the floors, in the hallways, in front of window openings"). Moreover, the Court explained that it rejected E&T's assertion "that NYR would have had an incentive to pay for storage of the windows, as it did on its own dime, rather than deliver the windows to the Project site, if such delivery were feasible." Id. at 15. "The Court credit[ed] the testimony of Nicholas Carranza and Dan Pirvulescu that NYR only did so because the Project site could not accommodate the windows." Id. NYR had no incentive, for instance, "to keep the windows for other use or resale, because the windows' design, shape, and size were custom for the Project." Id.

Because neither of E&T's arguments in support of its Rule 59(e) motion have merit, the Court adheres to its judgment that Talisman is not liable. The Clerk is respectfully directed to close document number 141 on the docket of this case, which shall remain closed.

SO ORDERED.

5

```
```

New York, NY  
January 11, 2024

_____  
JED S. RAKOFF, U.S.D.J.